UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLITOS RICARDO PARIAS RAMALES,<br><br>Petitioner,<br><br>v.<br><br>SANTACRUZ JR., et al.,<br><br>Respondents. | Case No. ED CV 26-00040 FMO<br><br>**ORDER RE: AMENDED PETITION FOR WRIT OF HABEAS CORPUS** |

Having reviewed and considered all the briefing filed with respect to Carlitos Ricardo Parias Ramales' ("petitioner") Amended Petition for Writ of Habeas Corpus (Dkt. 19, "Amended Petition"), pursuant to 28 U.S.C. § 2241, the court finds that oral argument is not necessary to resolve the Amended Petition, see Fed. R. Civ. P. 78; L. R. 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and concludes as follows.

**BACKGROUND**

Petitioner is a citizen of Mexico who entered the United States without inspection in 2002. (See Dkt. 19, Amended Petition at ¶¶ 14, 22). Petitioner, a well-known Spanish-language content creator and journalist whose work focuses on documenting immigration enforcement in Los Angeles, is married and has two United States citizen children. (See id. at ¶¶ 23-24).

A. Criminal Proceedings.

On November 4, 2025, petitioner was charged with assault on a federal officer, in violation of 18 U.S.C. § 111, and depredation of government property, in violation of 18 U.S.C. § 1361.

(See Case No. CR 25-0904 FMO, Dkt. 24, Indictment). At a detention hearing held on October 31, 2025, the Magistrate Judge denied the government's request for detention and set conditions of release. (See Case No. CR 25-0904 FMO, Dkt. 13, Court's Order of October 31, 2025, at ECF 1). The case was assigned to the undersigned on November 4, 2025. (See Case No. CR 25-0904 FMO, Dkt. 32, Court's Order of November 17, 2025). Trial was set for December 30, 2025. (See id.).

On November 24, 2025, petitioner was released by the U.S. Marshal's Service into the custody of the U.S. Immigration and Customs Enforcement ("ICE") pursuant to an immigration detainer. (See Case No. CR 25-0904 FMO, Dkt. 34, Government's Notice of Defendant's Custody Status as of November 24, 2025, at ¶ 1); (Dkt. 19, Amended Petition at ¶ 43). That same day, ICE transferred petitioner to the Adelanto ICE Processing Center. (See Case No. CR 25-0904 FMO, Dkt. 43, Government's Notice of Defendant's Custody Status as of November 25, 2025, at ¶ 1). On November 27, 2025, respondents initiated removal proceedings under 8 U.S.C. § 1229a, alleging that petitioner was inadmissibile under 8 U.S.C. § 1182(a)(6)(A)(i). (See Dkt. 19, Amended Petition at ¶ 48).

On December 27, 2025, the court granted petitioner's ex parte application to dismiss the indictment finding that petitioner's Sixth Amendment right to counsel had been violated. (See Case No. CR 25-0904 FMO, Dkt. 76, Court's Order of December 27, 2025, at 28). The indictment was dismissed with prejudice. (See id.). On December 30, 2025, the government appealed the dismissal order. (See Case No. CR 25-0904 FMO, Dkt. 79, Notice of Appeal). Oral argument was held on October 30, 2026, and shortly thereafter, the parties filed a joint stipulation to voluntarily dismiss the appeal, (see Ninth Circuit Case No. 25-8156, Dkt. 38, Stipulation for Voluntary Dismissal), which the Ninth Circuit granted on November 10, 2026. (See Case No. CR 25-0904 FMO, Dkt. 89, Ninth Circuit Order). The Ninth Circuit's Order served "as the court's mandate." (See id.).

B. Immigration Proceedings.

On December 28, 2025, petitioner's immigration counsel filed a motion for a bond redetermination. (See Dkt. 19, Amended Petition at ¶ 55). On January 5, 2025, the Immigration

Judge ("IJ") denied the motion, finding that the immigration court had no jurisdiction over petitioner's case because he was subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E), as amended by the Laken Riley Act ("LRA"), Pub. L. No. 119-1, 139 Stat. 3 (2025). (See id. at ¶ 56).

On January 22, 2026, the court granted petitioner's Ex Parte Application for Temporary Restraining Order and ordered respondents to either release him or provide a bond hearing under 8 U.S.C. § 1226(a) given that petitioner was likely a member of the Bond Eligible Class in Maldonado Bautista v. Santacruz, 813 F.Supp.3d 1084, 1127 (C.D. Cal. 2025). (See Dkt. 11, Court's Order of January 22, 2026, at 5-6). A bond redetermination hearing was held on January 29, 2026, and the IJ again denied release on the basis that the immigration court lacked jurisdiction. (See Dkt. 21, Petitioner's Reply at 1).

On February 17, 2026, petitioner filed his Amended Petition against Kristi Noem, Secretary of the U.S. Department of Homeland Security ("DHS"); Pamela Bondi, Attorney General of the United States; Todd Lyons, Acting Director of ICE; Ernesto Santacruz, Jr., Acting Director of the Los Angeles ICE Field Office; and Fereti Semaia, Warden of the Adelanto ICE Processing Center, in their official capacities, as well as DHS and the Executive Office for Immigration Review (collectively, "respondents"). (See Dkt. 19, Amended Petition at ¶¶ 15-21). According to petitioner, even though the indictment was dismissed with prejudice, respondents have continued to detain him under the LRA, treating him as a "mandatory" detainee in violation of his due process rights under the Fifth Amendment. (See id. at ¶¶ 54, 79-84). In addition, petitioner alleges structural bias arising from his parallel criminal and immigration proceedings, as well as First Amendment retaliation based on petitioner's activism and speech.[1] (See id. at ¶¶ 85-106). Petitioner seeks, among other relief, his immediate release. (See id. at Prayer for Relief).

/ / /

[1] Since filing his Amended Petition, petitioner applied for a U visa with the U.S. Citizenship and Immigration Services ("USCIS"). (See Dkt. 26, Petitioner's Notice of Material Post-Briefing Development at 2). On August 26, 2026, USCIS received petitioner's Form I-918, Petition for U Nonimmigrant Status, and his Form I-192, Application for Advance Permission to Enter as a Nonimmigrant. (See id.). Petitioner's U visa petition remains pending. (See, generally, id.).

## DISCUSSION

Respondents assert that petitioner failed to exhaust his administrative remedies. (See Dkt. 20, Answer at 3). A petitioner must exhaust administrative remedies before pursuing his claims in federal court. See Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017); see, e.g., Rojas-Garcia v. Ashcroft, 339 F.3d 814, 819 (9th Cir. 2003) (noting that a petitioner "must exhaust administrative remedies before raising the constitutional claims in a habeas petition when those claims are reviewable by the BIA on appeal"). "The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." Hernandez, 872 F.3d at 988. A court may require prudential exhaustion where: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Id. (quoting Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007)).

Even if exhaustion of administrative remedies is prudentially required, a court may waive the exhaustion requirement "where administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004) (internal quotation marks omitted); see Acevedo-Carranza v. Ashcroft, 371 F.3d 539, 541 (9th Cir. 2004) ("If . . . exhaustion is a prudential requirement, a court has discretion to waive the requirement."). The habeas petitioner bears the burden of showing that at least one of the Laing factors applies. See Ortega-Rangel v. Sessions, 313 F.Supp.3d 993, 1003 (N.D. Cal. 2018) (noting a petitioner "must show that at least one of the Laing factors applies in order to excuse exhaustion").

Petitioner contends that, even assuming prudential exhaustion applies, there are Laing factors that support waiver of the exhaustion requirement. (See Dkt. 21, Petitioner's Reply at 7-10). Specifically, petitioner contends that administrative remedies would be inadequate and futile given that administrative review is "not likely to change Respondents' position" that petitioner is subject to mandatory detention. (See id. at 7-9). According to petitioner, requiring him "to appeal

to the BIA would [effectively] be asking the architect of his detention to dismantle its own blueprint." (See id. at 9). Also, petitioner contends that he will suffer irreparable harm if he is required to exhaust his administrative remedies due to his continued unlawful detention. (See id. at 10).

Because petitioner's pursuit of administrative remedies would almost certainly be futile, and because pursuit of those remedies will cause irreparable harm, see, e.g., Rodriguez Cabrera v. Mattos, 808 F.Supp.3d 1159, 1176 (D. Nev. 2025) ("[R]equiring Petitioner to be subjected to unlawful detention pending the BIA's decision would cause irreparable harm, which is a separate and independent basis to waive exhaustion[.]"), the court is persuaded that at least one of the Laing factors applies, and that the exhaustion requirement should be waived. See Ortega-Rangel, 313 F.Supp.3d at 1003 (noting a petitioner "must show that at least one of the Laing factors applies in order to excuse exhaustion").

Before addressing the merits of the Amended Petition, the court will address whether petitioner's detention under the LRA is proper, (see Dkt. 19, Amended Petition at ¶ 83), as that appears to be the sole basis upon which petitioner is being detained. The LRA mandates detention for any non-citizen who is inadmissible and "is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person." 8 U.S.C. § 1226(c)(1)(E)(ii). "[T]he Laken Riley Act's use of the present tense is conspicuous: it extends mandatory detention to one who 'is' arrested and 'is' charged." Martinez v. Mullin, 2026 WL 2111747, *4 (C.D. Cal. 2026); see Helbrum v. Williams Olson, 2025 WL 2840273, *5 (S.D. Iowa 2025) ("Under common usage of the English language, if criminal charges against someone have been dropped, we would not continue to say the person 'is charged with' that crime, present tense. By using the present tense, § 1226(c)(1)(E)(ii) establishes that detention is mandatory only so long as the charges either remain pending or are resolved in a way that triggers one of the other clauses of the statute."); E.C. v. Noem, 2025 WL 2916264, *11 (D. Nev. 2025) ("[T]he Court finds that the statutory text's reference to a person who 'is charged with' or 'is arrested' for a theft-related

offense, in the present tense, cannot be read to apply to a person has previously been arrested for and charged with a crime where they have also been acquitted of the crime."); Hairo v. Crawford, 2026 WL 286176, *2 (E.D. Va. 2026) (same); see also Matute v. Jamison, 2026 WL 461557, * 5 (E.D. Pa. 2026) (finding "[t]here is no express command in the text of the LRA that it should apply to past conduct"). In other words, "based on the recurring use of the present tense for each stage of the criminal process, the statute no longer requires mandatory detention when charges are resolved via acquittal or dismissal and none of the other clauses apply." Helbrum, 2025 WL 2840273, at *6. In short, dismissed criminal charges cannot support mandatory detention under the Laken Riley Act.

As to the Amended Petition, respondents' Answer does not address the merits of petitioner's claims. (See, generally, Dkt. 20, Answer). Instead, in a single conclusory sentence unsupported by any authority, respondents assert that, "to the extent Petitioner raises other claims, such as violations of his First Amendment rights, those are outside of the scope of habeas proceedings, which must be directed at seeking release from confinement." (Id. at 3). But this conclusory, vague, and unsupported sentence is insufficient to constitute a response, let alone an opposition, to the operative petition. Accordingly, the court will construe respondents' failure to address petitioner's claims as a concession to plaintiff's due process and other claims. See, e.g., Soleimani v. Larose, 2025 WL 3268412, *3 (S.D. Cal. 2025) (granting habeas petition where government's response to the petition failed to respond to numerous claims raised in the petition, including a Fifth Amendment due process claim); Singh v. Chiang, 2025 WL 4058328, *4 (C.D. Cal. 2025) (construing government's failure to oppose argument raised by habeas petitioner as a concession).

Finally, as to the appropriate remedy, respondents – as they failed to do in response to petitioner's claims – did not address petitioner's contentions regarding his request for immediate release. (See, generally, Dkt. 20, Answer). In any event, the court will order petitioner's release not only because respondents did not oppose petitioner's request for release, see, e.g., Fermin Ramirez Valentin v. Todd Lyons, et al., 2026 WL 851309, *2 (C.D. Cal. 2026) (granting petitioner's immediate release where respondents did not oppose it); Ruiz-Garmendia v. LaRose, 2026 WL

2547412, *1 (S.D. Cal. 2026) ("This Court construes Respondents' non-opposition to Petitioner's request for immediate release as a concession that Petitioner's re-detention violates his due process rights."), but also because it would be futile to order another bond hearing, as respondents have previously determined that, under the LRA, an IJ has no jurisdiction to grant bail. (See Dkt. 19, Amended Petition at ¶ 56); see, e.g., Zenteno Najera v. Santacruz, 2026 WL 1965104, *4 (C.D. Cal. 2026) (ordering petitioner's immediate release because a bond hearing would be futile).

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT:

1. Petitioner's Amended Petition for Writ of Habeas Corpus **(Document No. 19)** is **granted** as set forth in this Order.

2. Respondents shall release petitioner Carlitos Ricardo Parias Ramales (A# 246-059-603) forthwith with all personal effects seized from petitioner, including all identification documents and immigration documentation. Respondents shall not impose any release conditions (e.g., electronic monitoring) on petitioner that were not in place prior to petitioner's arrest or detention in this case unless deemed necessary at a future pre-deprivation bond hearing.

3. Respondents shall provide petitioner with a copy of this Order at or near the time of release.

4. Respondents shall file with the court a Notice of Compliance within three (3) calendar days following the filing date of this Order.

5. Respondents shall not re-detain petitioner absent at least seven (7) days individualized notice describing the change in circumstances necessitating petitioner's arrest and/or detention, and a pre-deprivation bond hearing before a neutral decisionmaker at which the government bears the burden of proving petitioner is a flight risk or a danger to the community, and that there are no combination of conditions that will reasonably assure petitioner's appearance and/or the safety of any other person in the community. If petitioner is again placed into detention in this District following proceedings in this case, respondents shall not transfer or remove petitioner from this District unless executing a final order of removal issued against petitioner.

6. Judgment shall be entered accordingly.

Dated this 24th day of November, 2026.

/s/
Fernando M. Olguin
United States District Judge